UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHILIP KITEVSKI,                )   **COMPLAINT**
                                )
              Plaintiff,  )
                                )   **JURY TRIAL DEMANDED**
  -against-                    )
                                )   **ECF Case**
THE CITY OF NEW YORK; POLICE OFFICER  )   **04 CV 7402 (RCC)(RLE)**
MARK J. CURRAN; JOHN and JANE DOES;   )
and JOHN and JANE ROES,         )
                                )
              Defendants. )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff PHILIP KITEVSKI seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on December 4, 2003, within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff PHILIP KITEVSKI is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of Queens.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants CURRAN and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants CURRAN and DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants CURRAN and DOES are sued individually.

10. Defendants JOHN and JANE ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Defendants JOHN and JANE ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JOHN and JANE ROES are sued individually.

**STATEMENT OF RELEVANT FACTS**

11. On the night of September 18, 2003, plaintiff PHILIP KITEVSKI was at his home, asleep. Plaintiff was awakened by officers of the New York City Police Department, who had come to his home pursuant to information provided by defendant POLICE OFFICER MARK J. CURRAN.

12. The police officers asked plaintiff for permission to check his licensed firearms, which plaintiff had in his home. Plaintiff cooperated with the officers in all respects.

13. The officers asked plaintiff for permission to check his car, and plaintiff granted them permission. The officers found a handgun in the car, which had been surreptitiously placed or caused to be placed in the car by defendant CURRAN, with the possible assistance of DOES.

14. PHILIP KITEVSKI was arrested by the police officers, and remained in police custody for more than 24 hours until his release. Plaintiff was not criminally prosecuted.

15. Plaintiff's licensed handguns were seized by the police, and plaintiff's license to possess firearms was revoked.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

16. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17. By their conduct and actions in causing plaintiff to be arrested and imprisoned, in causing his lawfully possessed firearms to be seized, in trespassing on plaintiff's car, in failing to intercede on behalf of plaintiff, and in failing to protect plaintiff from the unjustified and

unconstitutional treatment he received at the hands of defendants CURRAN and DOES, defendants CURRAN and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

19. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20. By their conduct in failing to remedy the wrongs committed by defendants CURRAN and DOES and in failing to properly train, supervise, or discipline defendants CURRAN and DOES, defendants JOHN and JANE ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

22. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
### FOR STATE LAW VIOLATIONS

26. The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

27. The conduct of defendants CURRAN, DOES and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

29. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. By the actions described above, defendants CURRAN, DOES and ROES caused to be falsely arrested or falsely arrested plaintiff PHILIP KITEVSKI without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees

and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### TRESPASS

32. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Defendants CURRAN and DOES willfully, wrongfully and unlawfully trespassed upon the automobile of plaintiff PHILIP KITEVSKI. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### NEGLIGENCE

35. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. The defendants CURRAN, DOES and ROES, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

38. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants CURRAN, DOES and ROES.  The acts and conduct of defendans was the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to

plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury, great humiliation, loss of property, costs and expenses, legal fees and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
             September      , 2004

_____
MICHAEL L. SPIEGEL, Esq.
(MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558
Attorney for Plaintiff