UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

PHILIP KITEVSKI,                                :
                                                :
                           Plaintiff,           :
                                                :       **OPINION AND ORDER**
            - against -                         :
                                                :       **04 Civ. 7402 (RCC) (RLE)**
THE CITY OF NEW YORK, et al.,                   :
                                                :
                           Defendants.          :
--------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Philip Kitevski ("Kitevski") brings this action against the City of New York (the "City"), Police Office Mark J. Curran ("Curran"), and other defendants, alleging false arrest and various civil rights violations, including a policy claim against the City under **Monell v. Dep't of Social Servs.**, 436 U.S. 658 (1978).

On November 1, 2005, the Court directed the City to produce records responsive to Kitevski's discovery requests.  The City failed to comply with this order.  On January 13, 2006, Kitevski filed a motion to impose sanctions and for contempt against the City, and asked the Court to order the production of outstanding discovery documents.  The City asserts that records Kitevski requests from the Internal Affairs Bureau of the New York City Police Department ("IAB") are protected from disclosure by the law enforcement privilege, and records from the Civilian Complaint Review Board ("CCRB") are not relevant to this action.  For the reasons which follow, Kitevski's application for disclosure of discovery records is **GRANTED**, and all outstanding IAB and CCRB records shall be produced by **March 20, 2006, at 5:00 p.m.**, and the motion for sanctions against the City is **GRANTED**, with the amount to be determined after the

production ordered by the Court.

## II. BACKGROUND

Kitevski commenced this action on September 17, 2004. On January 18, 2005, he served the City with the First Set of Interrogatories and Requests for Production of Documents. More than one year later, the City has failed to respond to the interrogatories. The Court held an initial conference with the parties on March 29, 2005, and set a discovery deadline of July 15, 2005. The Court held status conferences with the parties on June 1, 2005, and June 23, 2005, at which the City represented that requested records would be produced within two months. In light of the City's representations, the Court extended the discovery deadline to October 31, 2005.

The City has made three document productions with a cover letter saying that the enclosed materials are "responsive" to Kitevski's document request.[1] The disclosed records, however, have not been organized or labeled to correspond with the categories in the document request. As a result, Kitevski does not know which document requests have been responded to, or if additional responsive documents are being withheld. The City's disclosures have not been made in accordance with the procedures set forth in Rule 34(b), Federal Rules of Civil Procedure. The City has not produced the records as they are kept in the usual course of business, and has failed to provide a privilege log.

By letter dated September 19, 2005, Kitevski apprised the Court of the City's failure to produce IAB and CCRB records. On September 20, 2005, Kitevski requested that the Court compel the production of discovery documents. By letter dated September 27, 2005, the City

---

[1] On September 15, 2005, the City produced eighty pages. On December 5, 2005, it produced six hundred pages. On December 12, 2005, it produced one hundred and twenty-five pages.

represented to the Court that outstanding discovery records would be produced by October 14, 2005. The records were not produced. On November 1, 2005, the Court held a conference to address the City's failure to produce discovery, and based on its representation that discovery records would be forthcoming, ordered the production of outstanding discovery records by November 30, 2005. The City failed to comply with this order. On December 5, 2005, the City informed Kitevski that discovery documents would not be produced in accordance with the Court's November 1 Order. The Court held a conference on December 15, 2005, to address the City's continuous failure to produce discovery. At no time had the City asked to be relieved from the obligations set forth in the November 1 Order, but had simply withheld the records in question.

Kitevski filed a motion for sanctions and for contempt on January 13, 2006. At a conference on February 15, 2006, counsel for the City indicated that the IAB files concerning Curran and Kitevski were privileged because the investigation had not been completed. With respect to the CCRB filed, counsel indicated that he had made his original request to the police department, but had subsequently been informed that these files were not in the custody of the department. He represented that he later made the request to the proper party. Although the City had violated the November 1 Order, and was, therefore, subject to sanctions, the Court ordered it to submit a memorandum of law setting forth with specificity any privilege that would have justified the non-production of the IAB file, and any other application for relief with respect to the November 1 Order. In response, the City for the first time asserted a specific basis for withholding the records – namely, that the IAB records are protected by the law enforcement privilege, and that the CCRB records are not relevant to this action.

The Court held a conference on March 15, 2006, at which the parties presented arguments to supplement their submissions. In addition to the IAB file for which privilege has been asserted, the City concedes that it has failed to produce other IAB files for which the City does not assert a privilege or raise any objection. Counsel for the City maintains that he has made numerous requests to the IAB for these documents, but production has not been forthcoming. Similarly, although the City asserts that the CCRB files are not relevant, counsel concedes that he has not been provided the files, and that his objection on relevance grounds is based on notations that the charges against Curran were not sustained.

### III. DISCUSSION

**A.     The IAB Records**

   **1.     The Law Enforcement Privilege**

Kitevski requests disclosure of IAB records related to an investigation of Curran's involvement in the alleged civil rights violations that took place September 18, 2003. Counsel for the City asserts that these IAB records, which correspond to case number C-03-750, are exempt from disclosure pursuant to the law enforcement privilege. Counsel, however, does not have the IAB records in his custody. His assertion of the law enforcement privilege is based on reliance on an affidavit from the Commanding Officer of the Investigative Resources Division ("IRD") of the IAB. It is improper for counsel to invoke a privilege without first analyzing and reviewing the records in question. This Court finds, therefore, that the privilege is not properly asserted.

Assuming that the privilege was properly invoked, the law enforcement privilege is designed

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

**In re Dep't of Investigation of the City of New York v. Myerson**, 856 F.2d 481, 484 (2d Cir. 1988). Although the City had an opportunity to substantiate its application following the February 15 Order, it makes only vague and conclusory statements without any specific or particularized facts to support its claim that the IAB records are privileged. The IRD affidavit, and the City's other submissions, fail to show how disclosure will undermine law enforcement efforts and reveal law enforcement techniques.[2] The City and the IRD take the position that if they claim an "investigation" is ongoing, no information need be disclosed. The invocation of the privilege requires more. The City has made no attempt to show that "the values underlying the law enforcement privilege are implicated in this case." **United States v. United States Currency in the Sum of Twenty One Thousand Nine Hundred Dollars**, 1999 WL 993721, at *3 (E.D.N.Y. Sept. 21, 1999). The City has, therefore, failed to make a threshold showing that the privilege attaches to the IAB records. **Id**.

    2.    **The Law Enforcement Privilege is Qualified**

Even if some of the IAB records were protected by the law enforcement privilege, the privilege is not absolute. Since the law enforcement privilege is qualified, "there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to

---

[2] Left unexplained is the two and one-half year duration of the IAB investigation. Coupled with the City's position that open case files are non-discoverable, the failure to bring closure to the investigation would make unavailable to Kitevski information relevant to his claim. Kitevski has expressed concerns that this may be a deliberate attempt to withhold relevant evidence.

the privileged information." **Friedman v. Bache Halsey Stuart Shields, Inc.**, 738 F.2d 1336, 1341 (D.C. Cir. 1984); **United States Currency**, 1999 WL 993721, at *3.  When the records are both relevant and essential to the presentation of the case on the merits, the need for disclosure outweighs the need for secrecy, and the privilege is overcome.  **In re Search of the Premises Known as 1182 Nassau Averill Park Rd**., 203 F. Supp. 2d 139, 140 (N.D.N.Y. 2002).

Whether the showing of relevance and need rises to the requisite level is a discretionary determination that must necessarily be made on a case-by-case basis.  *See* **Herman v. Crescent Publ'g Group, Inc.**, 2000 WL 1371311, at *2 (S.D.N.Y. Sept. 21, 2000).  Moreover, since discovery in a civil action is not comparable to discovery in a criminal proceeding because of the nature of the issues, **United States Currency**, 1999 WL 993721, at *3, no showing of need beyond relevance is necessary.  **Friedman**, 738 F.2d at 1341.

Kitevski alleges that the City is liable under 42 U.S.C. § 1983 for civil rights violations because it failed to adequately supervise and discipline Curran.  **Walker v. City of New York**, 974 F.2d 293, 297 (2d Cir. 1992).  He maintains that the City has failed to properly investigate allegations of wrongdoing by Curran, and the failure to timely terminate the IAB investigation is designed to keep this information from him.  Since the government has a vital interest in upholding civil rights, impediments to factfinding in a § 1983 case are not favored.  **Skibo v. City of New York**, 109 F.R.D. 58, 64 (E.D.N.Y. 1985); **Katt v. New York City Police Dep't**, 1997 WL 394593, at *2-3 (S.D.N.Y. July 14, 1997). In **Skibo** the court found that the self-critical analysis and executive privilege did not protect IAB and CCRB records from disclosure, and that plaintiffs needed to examine these records in order to establish that the City had a policy of failing to adequately investigate and discipline police officers who violate civil rights.  **Id**. at

64, n.1. The court found that the "need to uncover possible evidence of misconduct on the part of the City overcomes defendant's need for confidentiality." **Id**. at 64. This Court reaches the same conclusion. The Court has broad discretion in managing discovery, **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004), and finds that the production of the IAB records is appropriate.

In support of its assertion of the law enforcement privilege the City relies primarily on three cases: **Myerson**, 856 F.2d 481 (2d Cir. 1988); **Borchers v. Commercial Union Assurance Co.**, 874 F. Supp. 78 (S.D.N.Y. 1995); and **Kshel Realty Corp. v. The City of New York, et al.**, 2004 U.S. Dist. LEXIS 25791 (S.D.N.Y. Dec. 20, 2004). This reliance is misplaced.

In **Myerson** the court found that disclosure of the requested records would "disclose a significant part of the DOI-United States Attorney investigation." 856 F.2d at 485-86. However, that case involved a criminal defendant seeking law enforcement records. In **Borchers**, after an *in camera* review, the Court found that the records "reflect the scope of [a] criminal investigation, as well as the identity and substantive testimony of various witnesses," and that disclosure could jeopardize the investigation and the witnesses because it involved a violent crime. 874 F. Supp. at 80. In **Borchers**, the party who sought the records was the subject of the investigation. In **Kshel**, the court found that it was "impossible to ascertain whether . . . the individual . . . documents have properly been withheld as privileged," 2004 U.S. Dist. LEXIS 25791, at *8, and ordered the City to produce a privilege log identifying the subject matter of each document with specificity, and a document-by-document explanation of the relationship between the information contained in the document and the grounds on which the privilege is asserted. Here, as in **Kshel**, the City has failed to provide sufficient facts to assert the law

enforcement privilege.

### 3. The Law Enforcement Privilege May be Waived

Principles of waiver apply to the law enforcement privilege. **Kshel**, 2004 U.S. Dist. LEXIS 25791, at *7. The assertion of a privilege requires the preparation and production of a privilege log. **Id**. at 8; Rule 26(b)(5); Local Rule 26.2. The failure to prepare a privilege log may result in a finding that the privilege has been waived. **Chase Manhattan Bank, N.A. v. Turner & Newall, PLC**, 964 F.2d 159, 166 (2d Cir. 1992). The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the IAB records by failing to properly identify the documents, and assert the privilege. *See* **Smith v. Conway Org., Inc.**, 154 F.R.D. 73, 76 (S.D.N.Y. 1994).

### B. The CCRB Records

Kitevski requests disclosure of CCRB records related to eight civilian complaints filed against Curran alleging use of force and other abuses between 1994 and 2000. Since the instant action was filed in 2003, the City argues that these records are too remote in time, and not likely to lead to discovery of admissible evidence. The City does not assert any privilege with respect to these records. The Federal Rules of Civil Procedure allow discovery of "any matter not privileged which is relevant to the subject matter involved in the pending action," including material that "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b). "Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." **King v. Conde**, 121 F.R.D. 180, 194 (E.D.N.Y. 1988). Because Kitevski asserts claims based on **Monell**, the City's knowledge of, and response to, Curran's behavior and complaint history is relevant. **Vann v. City of New York**, 72 F.3d 1040, 1045 (2d Cir. 1995);

**Bradley v. City of New York**, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005).  Since the Court has broad discretion to manage discovery, **In re Fitch, Inc.**, 330 F.3d 104, 108 (2d Cir. 2003), and because impediments to discovery in a § 1983 case are not favored, the CCRB records shall be disclosed by **March 20, 2006, at 5:00 p.m.**

C.      **Other Outstanding Discovery Records**

On March 15, 2006, Kitevski asked the Court to order the production of other outstanding discovery records that have not been disclosed, for which the City does not assert a privilege or raise any objection.  Counsel for the City asserts that he has made numerous requests for outstanding discovery records with the IAB and the CCRB, but that their production has not been forthcoming.  Since the City does not assert a privilege or an objection with respect to other outstanding documents, they shall be disclosed by **March 20, 2006, at 5:00 p.m.**

D.      **Sanctions and Contempt**

This Court has broad discretion to impose sanctions for discovery misconduct.  **Nat'l Hockey League v. Metro. Hockey Club, Inc.**, 427 U.S. 639, 643 (1976).  A party may be held in contempt if "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply."  **E.E.O.C. v. Local 638**, 81 F.3d 1162, 1171 (2d Cir. 1996) (citations omitted).

The City has persistently failed to comply with its discovery obligations, including its disregard of the Court's November 1 Order.  Most disturbing is the City's failure to seek relief from the November 1 Order until the Court directed it to submit a memorandum of law on February 15, 2006.  If the City had discovered additional information which necessitated relief from the November 1 Order, the Rules of Civil Procedure and the Court's Local Rules allow for

9

relief upon timely application.  A party does not have the option to disregard an order because it believes it has a good excuse for doing so.  Even if the Court were to find that the withheld information were privileged, it would not excuse the manner in which the City has proceeded.

Since the withheld records are directly related to Kitevski's civil rights and **Monell** claims, the City's conduct has prevented the timely and effective prosecution of this action. Kitevski asks the Court to 1) strike the City's answer and to enter default judgment against the City on the **Monell** claim; 2) designate as a fact established that the City failed to properly supervise and discipline Curran; or 3) preclude the City from opposing this claim at trial.

Rule 37(a)(4) "require[s] the party . . . whose conduct necessitated [a motion to compel discovery] . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees."  The City is required to pay the attorney's fees Kitevski incurred for bringing the motion to compel discovery, and for necessitating the instant motion for sanctions. **John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.**, 845 F.2d 1172, 1177 (2d Cir. 1988). Kitevski's attorney bills at an hourly rate of $425.  He expended approximately 50.9 hours in the pursuit of discovery from the City, and on the present motion.  The Court has reviewed the submission by counsel, and finds that the billing rate, and hours expended appear reasonable. The Court, however, will not make a final determination of the number of compensable hours because there has been no final resolution of the extent of the contumacious behavior.  There may indeed be additional hours expended to bring this saga to a close.  Moreover, the Court wished to further consider the evidence of contempt by defendants.

Counsel for the City asserts that he has made numerous requests for the IAB and CCRB records sought by Kitevski.  These records are ordered to be produced by **March 20, 2006, at**

**5:00 p.m.** Counsel for the City is directed to provide the Court the name of the person responsible for production of the IAB and CCRB records by **March 20, 2006, at 1:00 p.m.**

## IV. CONCLUSION

For the foregoing reasons, Kitevski's application for disclosure of discovery records is **GRANTED**, and all outstanding discovery records from the Internal Affairs Bureau of the New York City Police Department and the Civilian Complaint Review Board shall be produced by the City by **March 20, 2006, at 5:00 p.m.** Kitevski's motion for sanctions against the City is **GRANTED**, with the amount to be determined after the production ordered by the Court.

**SO ORDERED this 16th day of March 2006**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

11